UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. JACKSON,<br><br>                  Petitioner,<br><br>v.<br><br>TWIN FALLS COUNTY JAIL,<br><br>                  Respondent. | Case No. 1:21-cv-00017-DCN<br><br>**INITIAL REVIEW ORDER** |

Twin Falls County Jail inmate Michael E. Jackson ("Petitioner") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the conditions of confinement in the jail violate the Constitution.[1] *Dkt. 1*. Specifically, Petitioner alleges that he is at particularly high risk from the COVID-19 pandemic, given his serious heart problems, and that jail medical providers have failed to provide him with adequate medical treatment.

Petitioner asks the Court to find "extraordinary and compelling reason's [sic] for a compassionate release." *Id*. at 6. *Id*. at 5. The Court construes this request as seeking release from jail as a remedy for alleged violations of the Eighth Amendment.[2]

---

[1] Petitioner initially filed the instant petition in a pending civil rights case under 42 U.S.C. § 1983. *See Jackson v. City of Twin Falls*, Case No. 1:20-cv-00449-DCN (Dkt. 20) (D. Idaho Oct. 30, 2020). Because civil rights claims and habeas claims may not be brought in the same action, the Court severed the petition into this new, separate action under 28 U.S.C. § 2241. *See Order on Pending Motions and Order Severing Habeas Claims*, Dkt. 2 (Jan. 7, 2021).

[2] Petitioner's citation to the First Step Act is inapposite, as Petitioner is not a federal prisoner.

INITIAL REVIEW ORDER - 1

## REVIEW OF PETITION

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2241 is available to petitioners who show that they are in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c). In its discretion, courts may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to petitions filed under § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Habeas Rule 4.

**2.      Discussion**

Petitioner asserts his claim under the Eighth Amendment to the United States Constitution.[3] That amendment, which is applicable to the States through the Fourteenth Amendment, protects inmates against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons" or jails. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). But, although jail conditions may be restrictive, and even harsh, without violating the Eighth Amendment, jail officials must provide inmates with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472

---

[3] Petitioner also cites the First and Fifth Amendments, *see* Dkt. 1 at 1, but these amendments do not appear implicated by the allegations in the petition.

(1995).

Petitioner claims that the Constitution requires his release from jail because he is in danger of the COVID-19 pandemic. The threshold issue this Court must address is whether Petitioner's claim is cognizable—that is, whether it can even be heard—in a habeas corpus proceeding under § 2241.

"[T]he essence of habeas corpus is an attack by a person in custody upon the *legality* of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Id.* at 484 (emphasis added); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for an inmate to challenge the legality or duration of confinement.") (internal quotation marks omitted). On the other hand, claims of unconstitutional conditions of confinement usually are brought under 42 U.S.C. § 1983, the civil rights statute. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (stating that a § 1983 action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). The remedy for conditions-of-confinement claims usually is an award of damages or an order for injunctive relief that requires the institution to cure the constitutional violations.

If an inmate's constitutional claim "does not lie at the core of habeas corpus," it "may not be brought in habeas corpus but must be brought, if at all," as a civil rights claim under § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted). Because the petition challenges the conditions of

Petitioner's confinement, rather than the fact of his custody, can Petitioner even raise this claim in habeas corpus?

Judge Winmill recently considered this issue in another § 2241 case brought by Petitioner:

> "The question of whether prisoner actions asserting violations of their constitutional rights based on the COVID-19 pandemic properly may sound in habeas, versus civil rights, is an open one, with the case law in flux." *William v. Jenkins*, No. CV 21-1456-DMG (GJS), 2021 WL 765567, at *8 (C.D. Cal. Feb. 24, 2021). The U.S. Supreme Court has not yet considered this question, and the Ninth Circuit has thus far declined to answer it. *Id.*; *see Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) ("We need not reach th[e] issue … because, separately from their habeas petition, Plaintiffs brought a class action complaint for declaratory and injunctive relief seeking to remedy allegedly unconstitutional conditions at [the prison].").
>
> However, at least one circuit court and several district courts have considered the issue.

*See Jackson v. City of Twin Falls*, Case No. 1:21-cv-00013-BLW (Successive Review Order, Dkt. 7 at 5) (D. Idaho March 16, 2021) (unpublished).

Judge Winmill carefully considered the split among federal courts on the issue, beginning with those courts that have recognized a habeas claim, particularly the Sixth Circuit:

> Some … courts have held that a COVID-19 conditions-of-confinement claim is cognizable as a habeas claim under § 2241 when an inmate seeks release, because the request for release essentially asserts that no conditions of confinement could possibly satisfy the Eighth Amendment. *See, e.g., Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020); *Gutierrez-Lopez v. Figueroa*, 462 F. Supp. 3d 973, 983 (D. Ariz. 2020).

> In *Wilson v. Williams*, several federal inmates filed a § 2241 petition "to obtain release from custody to limit their exposure to the COVID-19 virus." 961 F.3d at 832–33. The inmates claimed that release from prison was the only remedy that could cure the constitutional violations. *Id*. at 837–38. Their claim was based on allegedly unconstitutional conditions of confinement, which normally is *not* a challenge to the fact of a prisoner's confinement and which normally must be brought under § 1983, not in a habeas petition under § 2241.
>
> However, the Sixth Circuit held that habeas jurisdiction was proper. The court rested its decision on the inmates' allegation that "no set of conditions" could possibly be constitutional in light of the dangers of COVID-19. *Id*. at 838. According to the Sixth Circuit, this allegation rendered the claim a challenge to the *fact* of the prisoner's confinement, a claim that sounds in habeas. Therefore, the court determined, "where a petitioner claims that no set of conditions would be constitutionally sufficient[,] the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Id*.; *see also Torres v. Milusnic*, 472 F. Supp. 3d 713, 726 (C.D. Cal. 2020) (Marshall, J.) (holding that petitioners could maintain a § 2241 claim based on prison conditions during the pandemic "[b]ecause Petitioners contend there are no set of conditions of confinement that could be constitutional" and, as a result, "Petitioners challenge the fact of their confinement" rather than simply the conditions of that confinement).

*Id*. at 5–6.

The court found the Sixth Circuit's analysis unpersuasive. This Court agrees and adopts Judge Winmill's reasoning:

> Merely alleging that no conditions of confinement could possibly satisfy the Eighth Amendment—an allegation which every inmate could throw into any habeas corpus petition—does not magically transform the nature of a conditions-of-confinement claim. *See Uzuegbunam v. Preczewski*, ___ U.S. ___, No. 19-968, slip op. at 1 (Roberts, C.J. dissenting) ("If nominal damages can preserve a live controversy, then federal courts will be required to give advisory opinions whenever a

> plaintiff tacks on a request for a dollar."). Claims that prison conditions place inmates at a substantial risk of serious harm from the COVID-19 pandemic are "ultimately premised on the conditions of confinement," *not* on the fact of the conviction or sentence itself. *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1048 (C.D. Cal. 2020) (Fitzgerald, J.). The Sixth Circuit's reasoning improperly "conflates the nature of relief with the substance of the claim." *Alvarez*, 445 F. Supp. 3d at 866.
>
> In relying on the inmates' no-possible-conditions allegation, the Sixth Circuit's analysis ignores that a variety of orders short of release can bring a prison into Eighth Amendment compliance with respect to the pandemic. Such relief could include transferring inmates to facilities where they can be more socially distant, isolating inmates who are at a higher risk from COVID-19, or perhaps even using lake boats as inmate housing to ensure more space. *See Wilson v. Ponce*, 465 F. Supp. 3d at 1049 ("Petitioners have carefully argued that release is the only remedy; however, relief could be obtained by transferring prisoners, including by such extraordinary measures as recalling the *U.S.N.S. Mercy* from San Diego to serve as a prison ship."). Requesting release as the remedy for unconstitutional prison conditions does not render the substantive conditions-of-confinement claim a challenge to the fact of an inmate's confinement.

*Id*. at 6–7. It is not the relief sought but, rather, "the nature of the claim itself" that must ultimately determine whether a claim is cognizable under § 2241:

> "[U]nlike a claim concerning the fact of confinement," a claim that prison officials have not responded adequately to the pandemic "would not exist *but for* [the] current conditions of confinement at [the prison]." *Alvarez*, 445 F. Supp. 3d at 866. Although the relief requested—release from custody—comes "within the ambit of habeas corpus," the substantive claim itself involves the *conditions* of the inmate's confinement. *Macias v. Bradley*, No. CV 20-7114-RGK (PLA), 2020 WL 6681250, at *3 (C.D. Cal. Nov. 10, 2020); *see id*. (noting that challenges to conditions of confinement based on COVID-19 can involve conditions such as "social distancing and facial covering requirements, the adequacy of disinfecting protocols, the size of inmate groups, and the adequacy of air filtration and

circulation systems.").

*Id*. at 7–8.

For the reasons explained in *Jackson v. City of Twin Falls*, Case No. 1:21-cv-00013-BLW, this Court holds that challenges to prison or jail conditions based on COVID-19 do not lie at the core of habeas corpus and, therefore, are not cognizable under § 2241, "even if the petitioner requests release and alleges that no set of conditions of confinement could possibly be constitutional." *Id*. at 8. Instead, such a claim must be brought under § 1983.

Petitioner has already asserted such claims in *Jackson v. City of Twin Falls*, Case No. 1:20-cv-00449-DCN (Dkt. 20) (D. Idaho). He may not bring these same conditions-of-confinement claims under § 2241.

### 3.  Conclusion

For the foregoing reasons, Petitioner's habeas claims are subject to summary dismissal as noncognizable.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED without prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner

may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 29, 2021

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER - 8